IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SHAWN CARL GAITAN, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 6:23-CV-00242-JDK-JDL |
| § | |
| v. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Movant Shawn Carl Gaitan, an inmate confined at FCI Texarkana, proceeding *pro se*, brings this Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal custody pursuant to 28 U.S.C. § 2255. (Doc. No. 1.). The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. Upon review, for the reasons stated herein, the court **RECOMMENDS** that the motion be **DENIED**, and the case be **DISMISSED WITH PREJUDICE**.

BACKGROUND

I. **Procedural History**

On August 16, 2017, a grand jury sitting in the Eastern District of Texas, returned a one-count indictment against Gaitan and eleven co-defendants. (6:20-cr-00097-01, Doc. No. 2.) Count One charged Gaitan with conspiracy to possess with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. § 846. *Id.*

1

On September 20, 2021, prior to the commencement of trial and pursuant to a plea agreement, Gaitan pled guilty to Count One of the indictment. (6:20-cr-00097-01, Doc. No. 274.) On October 6, 2021, the court found Gaitan guilty of Count One. (6:20-cr-00097-01, Doc. No. 291.) The court entered a final judgment of 210 months for Count One. (6:20-cr-00097-01, Doc. No. 415.) Gaitan did not file a notice of appeal. *See* (6:20-cr-00097-01.)

Gaitan filed the present § 2255 motion (Doc. No. 1) on May 8, 2023. He alleges that he is entitled to relief based on ineffective assistance of counsel. More specifically, he alleges that his attorney was ineffective for failing to investigate and object to the validity of the indictment on the grounds that Gaitan was constructively denied assistance of counsel during the grand jury proceedings that resulted in his indictment. (Doc. No. 1.) Gaitan requests that the court authorize him to file an application for writ of habeas corpus under 28 U.S.C. § 2241 to test the validity of his conviction because § 2255 fails to provide an adequate remedy. (Doc. No. 5.) The Government filed a response (Doc. No. 2) on August 16, 2023, and Gaitan filed a reply (Doc. No. 5) on September 14, 2023.

## LEGAL STANDARD

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*,

937 F.2d 228, 232 (5th Cir. 1991). A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300–01 (5th Cir. 1992) (citations omitted). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## DISCUSSION

### I. Preliminary Issues

#### a. Gaitan's Request to File a Writ of Habeas Corpus

As an initial manner, the court notes that while Gaitan is bringing this claim under 28 U.S.C. § 2255, the relief Gaitan seeks is leave to file an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, § 2255 specifically prohibits a prisoner from applying for a writ of habeas corpus under § 2241 unless they can show that their claim falls under the so called "savings clause." *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Here, Gaitan seeks to challenge the legality of his conviction based on ineffective assistance of trial counsel. Gaitan claims that a § 2255 motion to vacate is only available to test the legality of the sentence imposed, and that the only way he can challenge the legality of the underlying conviction is by writ of habeas corpus pursuant to § 2241. Thus, Gaitan argues that his

3

claim falls under § 2255(e)'s savings clause. However, the purposes of these two provisions are the exact opposite of what Gaitan contends:

> A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration[] and must be filed in the same district where the prisoner is incarcerated. A section 2255 motion, by contrast, 'provides the primary means of collateral attack on a federal sentence.' Relief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing.' *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted).

As such, § 2241 is not the proper vehicle for Gaitan's claim for ineffective assistance of counsel. *See id.* Regardless, given that his stated purpose in filing this § 2255 motion is to test the legality of the underlying conviction, the court will nonetheless address the merits of his claim for ineffective assistance of counsel. *See* 28 U.S.C. § 2255.

  b. <u>Respondent's Arguments About Procedural Default and Waiver</u>

Before reaching the merits of Gaitan's claims, the court will address Respondent's arguments concerning procedural default and waiver. First, Respondent argues that Gaitan's claim for ineffective assistance of counsel is barred by procedural default because he could have raised the issue on direct appeal but did not. *See* (Doc. No. 13, at 6.) Respondent is correct that, generally, issues that could have been raised on direct appeal, but were not, are not cognizable on collateral review absent a showing of cause and prejudice. *Pierce*, 959 F.2d at 1300. However, claims for ineffective assistance of counsel are of such "constitutional magnitude" as to "satisfy the cause and actual prejudice standard." *Id.* at 1301. In fact, the Fifth Circuit has said that, generally, it will not address claims for ineffective assistance of counsel on direct appeal "[e]xcept in those rare instances where an adequate record exists to evaluate such a claim[.]" *Id.* Here, Gaitan is challenging his conviction on the basis of ineffective assistance of counsel. Further, Respondent

4

has not shown that the trial record was sufficient to evaluate Gaitan's ineffective assistance claim on direct appeal. Therefore, Gaitan's claim is not barred by procedural default.

Second, Respondent argues that Gaitan's claim is barred because he waived his right to appeal as part of his plea agreement. (Doc. No. 13, at 7.) However, as Respondent acknowledges, the plea agreement specifically reserved the right to "appeal or seek collateral review of a claim of ineffective assistance of counsel." (Doc. No. 1-6, at 5.) Here, Gaitan is seeking collateral review on the basis of ineffective assistance of counsel. Therefore, this claim not subject to waiver.

## II. Ineffective Assistance of Counsel

### a. Legal Standard

In *Strickland v. Washington*, the Supreme Court announced that to succeed on an ineffective assistance of counsel claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," meaning that "counsel's errors were so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Regarding the first prong, the right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982). Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from his perspective at the time, rather than looking towards the "distorting effects of hindsight." *Id.* at 689. As such,

5

counsel is strongly presumed to have performed adequately and made decisions using reasonable professional judgment. *Id.* at 690.

Regarding the second prong, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. Courts need not address both inquiries if the defendant does not sufficiently support one prong; nor must the court address the test in the same order. *Id.* at 697. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*.

b. <u>The Sixth Amendment Right to Counsel Does Not Attach During Grand Jury Proceedings</u>

The crux of Gaitan's argument is twofold. First, Gaitan argues that his Sixth Amendment right to counsel was violated because he was not represented by counsel during the grand jury proceedings that resulted in his indictment. Second, Gaitan asserts that his appointed trial counsel was ineffective for failing to investigate and object to the validity of the indictment on the grounds that Gaitan was constructively denied assistance of counsel during the grand jury proceedings. However, as explained below, Gaitan's Sixth Amendment right to counsel did not attach during the grand jury proceedings because the Government had not yet initiated adversary judicial proceedings against him.

Under Supreme Court precedent, "once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). However, it is only when the Government has committed itself to prosecute that the adversary judicial process has been initiated. *Lomax v. Alabama*, 629 F.2d 413, 415 (5th Cir. 1980); *see also Rothgery v. Gillespie*

6

*Cnty., Tex.*, 554 U.S. 191, 198 (2008). The Supreme Court has held that a prosecution commences for purposes of the Sixth Amendment right to counsel "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (citation omitted).

Here, Gaitan was not indicted until the conclusion of the grand jury proceedings. Therefore, his Sixth Amendment right to counsel had not yet attached. *See United States v. Mandujano*, 425 U.S. 564, 581 (1976) ("No criminal proceedings had been instituted against respondent, hence the Sixth Amendment right to counsel had not come into play."). In other words, Gaitan did not have a Sixth Amendment right to counsel during the grand jury proceedings. As such, Gaitan's appointed counsel could not have objected to the failure to provide counsel during the grand jury proceedings because no such right existed. Any objection on that basis would have been frivolous and could have resulted in sanctions by the court. Accordingly, Gaitan cannot show that his trial counsel was deficient for failing to assert an untenable position about the extent of Gaitan's Sixth Amendment right to counsel. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

## RECOMMENDATION

For the foregoing reasons, the court **RECOMMENDS** that Movant's motion (Doc. No. 1) be **DENIED** and that the case be **DISMISSED** with prejudice.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE