UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00242

———

**Shawn Carl Gaitan,**
*Movant,*
v.
**United States of America,**
*Respondent.*

———

# ORDER

Movant Shawn Carl Gaitan, proceeding pro se, filed the above-styled and numbered motion to vacate sentence (Doc. 1) pursuant to 28 U.S.C. § 2255. The case was referred to United States Magistrate Judge John D. Love. On December 20, 2023, Judge Love issued a report and recommendation (Doc. 15) recommending that the motion be denied and the case be dismissed with prejudice. Movant filed objections. Doc. 17.

The court reviews the objected-to portions of a report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days). The court reviews all unobjected-to portions of the report only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

Movant objects to the report on six grounds. First, movant argues that he must be allowed to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 because he is challenging his "detention," not his "conviction." Doc. 17 at 2. Title 28 U.S.C. § 2255 states that a writ of habeas corpus is not available to a prisoner in federal custody "unless it also appears that the remedy by motion is inadequate or ineffective *to test the legality of his detention*." 28 U.S.C.

§ 2255 (emphasis added). Thus, § 2255 is the proper vehicle because movant seeks to challenge the legality of his *detention*. Further, to the extent that movant seeks to challenge his pre-trial detention, any challenge to pre-trial detention is moot now that movant has been convicted and sentenced. *See United States v. Borowski*, 741 Fed. App'x 282, 283 (5th Cir. 2018). Movant's objection is overruled.

Second, movant claims that by not allowing him to file a petition under 28 U.S.C. § 2241, the court is essentially denying movant's constitutional right to petition for a writ of habeas corpus under the Suspension Clause. Doc. 17 at 2–3. The Fifth Circuit has held that § 2255's limitation on a federal prisoner's entitlement to post-conviction habeas relief does not violate the Suspension Clause. *McDearmon v. Martin*, 477 Fed. App'x 199, 200 (5th Cir. 2012). The objection is overruled.

Third, movant argues that 28 U.S.C. § 2255 is void because the statute does not define when a remedy is sufficiently "inadequate or ineffective" to allow for a petition for writ of habeas corpus. Doc. 17 at 3. Movant seeks to challenge his current detention on the basis of ineffective assistance of counsel, which is cognizable in a § 2255 motion. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (stating claims for ineffective assistance of counsel are cognizable under 28 U.S.C. § 2255). Movant's objection is meritless.

In his last three objections, movant reiterates his claim that his trial counsel was deficient for failing to object to the indictment because movant was not represented by counsel while the grand jury deliberated. Doc. 17 at 4–5. The Sixth Amendment right to counsel does not attach before the initiation of adversary judicial proceedings. *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (citation omitted). The return of the indictment is the point at which adversary judicial proceedings may begin. *Id.* Grand jury proceedings occur before the return of the indictment. Therefore, the Sixth Amendment right to counsel does not exist during grand jury proceedings. Accordingly, movant's trial counsel could not be deficient for failing to object to the indictment on that basis. *See United States v. Mitchell*, 263 F.3d 162 (5th Cir. 2001)

(unpublished) (stating "counsel is not deficient for failing to argue a meritless point") (citation omitted). Movant's three final objections are overruled.

For the reasons stated above, movant's objections are without merit. The report and recommendation of the magistrate judge (Doc. 15) is accepted. Movant's motion to vacate (Doc. 1) is denied, and this case is dismissed with prejudice. A final judgment will issue concomitant with this order. Any outstanding motions are denied as moot.

*So ordered by the court on April 30, 2024.*

J. CAMPBELL BARKER
United States District Judge